# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 2:11-cr-00021-JPH-CMM-1 |
|     vs. ) | |
| ) | |
| SCOTT GRIFFY, ) | |
|     Defendant ) | |

## REPORT AND RECOMMENDATION

On February 22, 2022, the Court held an initial and final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on February 10, 2022 and Supplemental Petition for Warrant filed on February 17, 2022. Scott Griffy, ("Defendant") appeared with FCD counsel, Dominic Martin. The Government appeared by Todd Shellenbarger, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine. All parties appeared via video conference. Prior to proceeding with the hearing, Defendant advised the Court that he consented to an online hearing in lieu of personal attendance.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation #2 in the supplemental petition Docket No. [248] and the Government would dismiss Violation #1 of the petition, Docket No. [240].

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1.      The Court advised the Defendant of his rights. The Defendant advised that he had received and reviewed the petitions and had the opportunity to confer with counsel in advance of the hearing. Defendant waived his right to a preliminary hearing and the Court found probable cause to proceed on the Petitions.

2.      The defendant was advised that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3.      After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violation No. 2 of petition [248].

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION**
**NUMBER**   **NATURE OF NONCOMPLIANCE**

2.      " The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."

On February 10, 2022, this officer made contact with Mr. Griffy via telephone to discuss his recent arrest in Vigo County. During the conversation he was directed to have no contact with Marlena Pohlman, due a protective order being in place and also due to her having an active criminal matter pending in Vigo County, Indiana. On February 15, 2022, Deputy Marshal David Lewis executed a arrest warrant for Mr. Griffy at his residence. Upon arrival, Ms. Pohlman was also at the residence and was taken into custody due to an active arrest warrant.

4.      The parties stipulated that:

(a)      The highest grade of violation is a Grade **C** violation.

(b)      Defendant's criminal history category is **III**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **5 to 11** months imprisonment.

 5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

  (a) The Defendant violated the supervised release condition as alleged in Violation #2;

  (b) Violation #1 should be dismissed consistent with the parties' agreement;

  (c) The Magistrate Judge inquired about the rationale of the parties' joint recommendation of a sentence below the Sentencing Guidelines range. Both counsel noted that the violations alleged in the Supplemental Petition were related to new criminal offense charges currently pending in Vigo County, Indiana. That case remains open and the Defendant remains in jeopardy with respect to those charges (but, as a part of the agreement, was not required to admit or deny those allegations in this proceeding). The parties concurred that the Defendant is at risk of additional incarceration time and highly probable probation supervision as a result of the state proceedings. For those reasons, the parties concurred that a sentence below the Guidelines was a satisfactory resolution of this matter. The Magistrate Judge agrees.

  (d) Consistent with the parties' agreement, the Magistrate Judge recommends that the defendant be serve in the Knox County Jail in USMS custody until the expiration date of his supervised release, i.e., April 4, 2022, without extension of any further federal supervised release;

  (e) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing;

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have waived the 14-day period within which to file objections for the consideration of the District Judge.

Dated: February 22, 2022

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system

4